IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PHILLIP H. BROCK**,<br>        Plaintiff,<br><br>        v.<br><br>**ALLEGHENY COUNTY DISTRICT ATTORNEY OFFICE**<br>        Defendant. | CIVIL ACTION NO. 12-0914 |

## MEMORANDUM OPINION AND ORDER

**CONTI, District Judge**

### I. *Introduction*

On November 29, 2012, pro se plaintiff Phillip Brock ("Brock" or "plaintiff") filed a fifth amended complaint[1] alleging an actionable failure to investigate reported criminal activity. (ECF No. 21.) Pending before the court is a motion to dismiss the fifth amended complaint, filed by defendant Allegheny County District Attorney's Office ("ACDA" or "defendant") on December 2, 2012. (ECF No. 22.) On January 2, 2013, plaintiff filed a response to defendant's motion to dismiss. (ECF No. 26.)

On July 2, 2012, plaintiff filed the original complaint. (EFC No. 1.) On July 9, 2012, plaintiff filed his first amended complaint.[2] (ECF No. 3.) On July 30, 2012 plaintiff filed his second amended complaint.[3] (ECF No. 5.) On September 24, 2012, plaintiff filed his third amended complaint.[4] (ECF No. 6.) On October 12, 2012, defendant filed two motions to dismiss

---

[1] This document is identified as the Second Amended Complaint on the docket. (ECF No. 21)
[2] This document is identified as the Amended Complaint on the docket. (ECF No. 3)
[3] This document is identified as the Amended Complaint on the docket. (ECF No. 5)
[4] This document is identified as the Second Amended 1 Complaint on the docket. (ECF No. 6)

the third amended complaint.[5] (ECF Nos. 11, 12.) On November 9, 2012, plaintiff filed a fourth amended complaint.[6] (ECF No. 16.) On November 19, 2012, defendant filed a motion to dismiss the fourth amended complaint.[7] (ECF No. 18.) Defendant's motion to dismiss the fifth amended complaint is now ripe to be decided by the court.

## II. *Factual Allegations in the Fifth Amended Complaint*

Plaintiff's complaint is based upon his allegation "that it was poor judgment on the District Attorney's Office not to use the information they needed to investigate and disregard the extra things." (ECF No. 21 ¶ 4.) The fifth amended complaint details plaintiff's concerns with respect to the living conditions of his daughter, Leanna Stubbs ("Leanna"). (ECF No. 21.) Plaintiff alleges that Leanna's mother, Crystal Stubbs ("Stubbs"), and Stubbs' boyfriend, Dorian Brentley ("Brentley"), maintained unsuitable living conditions for Leanna. (Id.) Plaintiff alleges he provided information to the Office of Children, Youth and Families ("CYF") with respect to Brentley selling drugs and prostituting women in his daughter's presence and that Brentley sexually assaulted his daughter. (Id. ¶ 6.) Plaintiff alleges that CYF never reported that information to the judge presiding over the custody dispute. (Id. ¶¶ 6-7.) Plaintiff alleges that as a result of his reporting information to various authorities, Brentley's associates stalked and harassed him and placed "spyware" on his cellphone. (Id. ¶ 8.) According to plaintiff, police failed to impede, and purposely failed to investigate Brentley's stalking and harassing plaintiff and endangering plaintiff's daughter. (Id. ¶¶ 8-9.) Plaintiff asserts that he reported the failures of the police in this regard to defendant. (Id. ¶ 4.) Defendant assigned Agent Andrews[8] ("Andrews") to investigate plaintiff's claims, and then told Andrews not to investigate those

---

[5] The two motions to dismiss filed by defendant were identical. (ECF Nos. 11, 12.)
[6] This document is identified as the Amended Complaint on the docket. (ECF No. 16.)
[7] This document is identified as the Second Amended Complaint on the docket. (ECF No. 18.)
[8] Andrews is referred to as *Detective* Andrews in paragraph fourteen of the fifth amended complaint. (ECF No. 21 ¶ 14.)

claims. (Id.) On July 19, 2011, plaintiff received a letter from defendant informing him that it would not investigate his allegations.[9] (Id. ¶ 14.) Plaintiff alleges that when he requested an explanation for the failure to investigate from Andrews, he was told he "had to live in the city of Pittsburgh for them to investigate," and that when plaintiff spoke with Andrews' supervisor, plaintiff was told that there was no victim, and that there had to be a victim for them to help. (Id. ¶ 14.)

### III.  *Standard of Review*

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986).) "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556-57).

---

[9] The letter is appended to the complaint as exhibit A.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Id.* at 1949 (quoting Twombly, 550 U.S. at 556) (internal citations omitted).

Two working principles underlie Twombly. Iqbal, 556 U.S. at 678. First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. Id. at 1950. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (citing 490 F.3d at 157-58). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.' " Id. (quoting FED. R. CIV. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Pro se plaintiffs are held to a less stringent standard than individuals represented by counsel. Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Pro se litigants are held to a lesser pleading standard than other parties"). A pro se plaintiff, however, is still required to adhere to standard rules of civil procedure. See McNeil v. United States, 508 U.S. 106, 113

(1993); Haines v. Kerner, 404 U.S. 519, 520 (1972). While the court must accept as true all factual allegations in a complaint, it "need not credit a complaint's ... legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Even though plaintiff is pro se, he or she must "set forth sufficient information to outline the elements of [his or her] claim." Kost, 1 F.3d, at 183 (3d Cir. 1993) (citing 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PPROCEDURE § 1357 (2d ed. 1990)). Thus, plaintiff is required to present enough factual allegations for the court, accepting those allegations as true, to determine whether there are plausible claims that defendants violated plaintiff's federal rights. Id.

## IV. Discussion

### A. Civil Rights Claim—§ 1983

Plaintiff does not explicitly assert a claim based upon the deprivation of his constitutional rights under 42 U.S.C. § 1983.[10] Defendant argues, however, that if plaintiff intended to assert a claim under § 1983, the claim should be dismissed for two reasons: (1) the defendant is not an "entity capable of being sued under § 1983," and (2) "[t]he pleading standards for § 1983 are not met." (ECF No. 23 at 3.)

#### 1. Defendant's status as entity under § 1983

First, defendant argues that plaintiff's claim should be dismissed because the ACDA "is not recognized as an independent entity capable of being sued under § 1983." (Id.) In Reitz v. Cnty of Bucks, 125 F.3d 139, 148 (3d Cir. 1997), the court noted that "the Bucks County District Attorney's office is not an entity for purposes of § 1983 liability." Briggs v. Moore, 251 F.

---

[10] Plaintiff asserts his claim under "28 U.S.C. 761," which does not exist. (ECF No. 21 ¶ 3.)

App'x 77, 79 (3d Cir. 2007), is likewise instructive. In Briggs, the court held a police department "should have been dismissed as a defendant . . . because the department would not be considered a separate entity from the municipality such that it could be sued for the purposes of § 1983." Id. The court cited Reitz in support of the holding that a prosecutor's office "is not a separate entity under § 1983." Id. Plaintiff's fifth amended complaint is defective for naming the ACDA as the defendant. The proper defendant in a § 1983 claim asserted based upon the actions of a district attorney's office is the municipality of which the office is a subunit. See Reitz, 125 F.3d at 146, 148; Briggs, 251 F. App'x at 79. Defendant, the ACDA, may not be sued for violations of § 1983; rather, the proper defendant for suit based upon conduct of the ACDA is Allegheny County. Id. Plaintiff's complaint, to the extent that it sets forth a § 1983 claim against the defendant, must be dismissed.

## 2. Failure to Identify Government Policy

Defendant argues that "even assuming [defendant] was a recognized entity for § 1983 purposes, plaintiff's complaint would still fail on pleading grounds." (ECF No. 23 at 4). In Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978), the Supreme Court of the United States held that "[l]ocal governing bodies, [like Allegheny County] . . . , can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690.

> A government policy or custom can be established in two ways. Policy is made when a decisionmaker [sic] possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. A course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law.

Solomon v. Phila. Hous. Auth., 143 F. App'x 447, 456 (3d Cir. 2005) (quoting Beck v. Pittsburgh, 89 F. 3d 966, 971 (3d Cir. 1992)). "A municipality may be liable when its 'policy or custom itself violates the Constitution or when the policy or custom, while not unconstitutional itself, is the 'moving force' behind the constitutional tort of one [of] its employees.'" Blakeslee v. Clinton Co., 336 F. App'x 248, 251 (3d Cir. 2009) (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir.1991)). A plaintiff, therefore, must go further than establishing his constitutional rights were violated to sustain a claim against a municipality. Monell, 436 U.S. at 691-92. A plaintiff must establish that the municipality itself caused the constitutional violation at issue. Id. Municipal acquiescence may not be established by isolated incidents of wrongdoing by nonpolicymakers. See Cornfield by Lewis v. Consol. H.S. Dist. No. 230, 991 F.2d 1316, 1326 (7th Cir.1993).

### 3. Failure to Allege a Constitutional Deprivation

To establish a § 1983 violation for failure to investigate, plaintiff must show that a reckless or intentional failure to investigate caused a constitutional deprivation. See Eckman v. Lancaster City, 742 F. Supp. 2d 638, 653-54 (E.D. Pa. 2010) (allowing § 1983 liability if a failure to investigate deprived plaintiff of due process). The state has "no affirmative duty to protect its citizens from the violent acts of private individuals," except when "the state enters into a special relationship with a particular citizen," or when a "state-created danger" exists. Morse v. Lower Merion School Dist., 132 F.3d 902, 907 (3d Cir. 1997). Here, plaintiff does not allege he entered into a special relationship with defendant giving rise to an affirmative duty of care on behalf of the ACDA or Allegheny County.

In the instant case, accepting as true all well-pled factual allegations in the pleadings and drawing every reasonable inference in favor of the party against whom the motion to dismiss is

7

sought, i.e., plaintiff, plaintiff's fifth amended complaint alleges no actionable policy or custom undertaken by defendant that caused a deprivation of plaintiff's constitutional rights. Plaintiff's complaint alleges defendant did not use good judgment in failing to investigate the information he reported, but does not allege defendant had a policy or custom that served as the moving force behind a failure to investigate. Plaintiff does not allege defendant's failure to investigate deprived him of his constitutional rights. Plaintiff asserts that Stubbs and Brentley maintained unsuitable living conditions to raise his daughter, and Brentley harassed him, but under Morse, the state does not have an affirmative duty to protect plaintiff or his daughter from private individuals like Brentley or Stubbs. The fifth amended complaint, therefore, fails to set forth a plausible claim under § 1983 for the deprivation of plaintiff's constitutional rights based upon defendant's failure to investigate. Under those circumstances, plaintiff's fifth amended complaint will be dismissed.

### B. Immunity from State Tort Suit

Defendant argues that to the extent the complaint "could be read as implicating any theory of negligence or other intentional tort," those claims are barred by the immunity granted to employees of local agencies by the Pennsylvania Subdivision Tort Claims Act, 42 PA. CONS. STAT. § 8541, *et seq* ("PSTCA"). (ECF No. 23 at 5.) The PSTCA provides: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency . . . " 42 PA. CONS. STAT. § 8541. A "local agency" is "[a] government unit other than the commonwealth government." 42 PA. CONS. STAT. § 8501. Limited exceptions to governmental immunity exist for vehicle liability, custody of real or personal property, or animals, and with respect to dangerous

conditions in streets, sidewalks, and other enumerated public goods under control of the local agency. See 42 PA. CONS. STAT. § 8542.

To the extent plaintiff's fifth amended complaint can be construed as setting forth a claim for negligence or an intentional tort, those claims are barred by section 8451. Defendant falls within the statutory definition of local agency in section 8501 and whatever grounds for liability plaintiff may have alleged against defendant fall outside the enumerated exceptions set forth in section 8542. See Dec v. Pa. State Police, No. 2:12-cv-565, 2012 WL 6099078, at *12 (E.D. Pa. Dec. 7, 2012) ("The County and the County District Attorney's Office, as municipal agencies, are completely immune from liability for state tort claims under Pennsylvania's Political Subdivisions Tort Claims Act ("PSTCA")."). Under those circumstances, to the extent that plaintiff asserted a claim for negligence or an intentional tort in the fifth amended complaint against defendant, those claims are dismissed with prejudice based on defendant's entitlement to immunity pursuant to the PSTCA.

### V. Order

And NOW, this 2nd day of August, 2013, defendant's motion to dismiss (ECF No. 22) the claims asserted against it in the fifth amended complaint is GRANTED. Plaintiff's fifth amended complaint (ECF No. 21) is hereby DISMISSED with prejudice. The clerk should mark this case closed. No further amended complaints may be filed.

IT IS SO ORDERED.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge